**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § § § | |
| **v.** § | **Criminal Action No. 3:05-CR-081-L** |
| § | |
| **GREGORY LEAVELL WEATHERALL(3)** § a.k.a. "Stump" § | |

## MEMORANDUM OPINION AND ORDER

Before the court are: Motion to Dismiss Count Two of Superseding Indictment by Defendant Gregory L. Weatherall and Brief, filed February 7, 2006; Defendant's Pro Se Claim of Ineffective Assistance of Counsel and Request for Evidentiary Hearing, filed March 1, 2006; and Motion to Withdraw as Attorney of Record, filed March 3, 2006. The Government has filed responses to the pending motions. Having considered the motions, responses, the record and applicable law, the court: **denies** Motion to Dismiss Count Two of Superseding Indictment by Defendant Gregory L. Weatherall; **denies** Defendant's Pro Se Claim of Ineffective Assistance of Counsel and Request for Evidentiary Hearing; and **grants** Motion to Withdraw as Attorney of Record.

**I.     Procedural Background**

On or about April 5, 2005, Defendant Gregory L. Weatherall ("Defendant" or "Weatherall") was charged, along with co-defendants Luke Nelson and Carlos Heath, in a one-count indictment with conspiracy to possess with intent to distribute in excess of 50 grams of a mixture or substance containing a detectable amount of cocaine base (a Schedule II controlled substance), in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(c). On or about October 4, 2005, the grand jury returned a superseding indictment against Weatherall charging him in Count I with the original conspiracy

charge in addition to a second count charging him with possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).

Since being charged, Defendant has been represented by three attorneys, namely, J. Craig Jett, the Federal Public Defender and his current attorney, Sam Pestinger. On November 22, 2005, the court granted Mr. Jett's motion to withdraw which was based in part on Defendant's unwillingness to continue to work with Mr. Jett. Subsequently, the court appointed the Federal Public Defender to represent Defendant. The court granted the Federal Public Defender's motion to withdraw based on an asserted conflict of interest. On December 22, 2005, the court appointed Mr. Pestinger to represent Defendant. On February 7, 2006, Mr. Pestinger, on behalf of Defendant, filed Motion to Dismiss Count Two of Superseding Indictment by Defendant Gregory L. Weatherall. On March 1, 2006, Defendant Weatherall filed Defendant's Pro Se Claim of Ineffective Assistance of Counsel and Request for Evidentiary Hearing, and on March 3, 2006, Mr. Pestinger filed Motion to Withdraw as Attorney of Record. The court will address these motions in turn.

**II.   Discussion**

    **A.   Motion to Dismiss Count Two of Superseding Indictment by Defendant Gregory L. Weatherall**

In support of his motion to dismiss Count Two of the superseding indictment, Defendant contends that under the applicable statute, 18 U.S.C. § 924(c)(1), a defendant cannot be convicted of using a firearm in relation to a drug trafficking crime absent evidence that he actively employed the firearm during the offense, of which there is no evidence in this case. *See* Def. Mot. at 2 (citing *United States v. Tolliver*, 116 F.3d 120 (5th Cir. 1997)). Further, Defendant contends that the prosecutor added Count II of the superseding indictment for the purpose of harassing him. *See id.* In opposition, the Government contends that Defendant's arguments are based on a previous version

**Memorandum Opinion and Order – Page 2**

of the statute which has since been amended, and that the prosecutor's decision to seek a superseding indictment was motivated by legitimate law enforcement purposes and not to harass Defendant. *See* Gov't Resp. at 2-3 (and cases cited therein). The court agrees.

To reiterate, the superseding indictment against Weatherall charges him in the second count with possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). As the Government correctly points out, this statute was amended in 1998 to prohibit "possession" of a firearem "in furtherance of" a drug offense or crime of violence. *See* Pub. L. 105-386, 112 Stat. 3469. The previous version of the statute, upon which Defendant relies, required "active employment" of the firearm. *Tolliver*, the only case cited by Defendant in support of his motion, was decided under the previous version of the statute. As Defendant's argument is premised entirely on the previous version of the statute, and holds no water under the amended statute, the court rejects his argument that Count II of the superseding indictment should be dismissed. Moreover, other than Defendant's mere *ipse dixit*, Defendant has offered nothing to support his argument that the prosecutor added Count II of the superseding indictment for the purpose of harassing him. Accordingly, the court denies Motion to Dismiss Count Two of Superseding Indictment by Defendant Gregory L. Weatherall.

  **B.** **Defendant's Pro Se Claim of Ineffective Assistance of Counsel and Request for Evidentiary Hearing and Mr. Pestinger's Motion to Withdraw as Attorney of Record**

On March 1, 2006, Defendant moved the court to appoint new counsel on the grounds that his current attorney, Mr. Pestinger, has rendered ineffective assistance of counsel. In a nutshell, Defendant contends that Mr. Pestinger, *inter alia*, failed to hear his concerns, informed him that he would only perform the minimal obligations to Defendant Weatherall in favor of paying clients,

negligently failed to rectify and correct a factual resume which references drugs that did not pertain to this case, failed to investigate and preserve evidence, and failed to present his alibi defense. Defendant also requests an evidentiary hearing to substantiate his claim of ineffective assistance of counsel.

Two days after Weatherall filed his motion, Mr. Pestinger filed his motion to withdraw as counsel of record, contending that Weatherall's unfounded claim of ineffective assistance of counsel has "caused irreconcilable differences between the attorney and client and has fractured the attorney-client relationship." *See* Mot. to Withdraw at 2. The Government does not oppose Mr. Pestinger's motion to withdraw. The Government also states its position, for which it provides copious support, that Mr. Pestinger was effective at all required times. *See* Gov't Resp. at 3-7. Further, the Government requests that the court make a finding that Mr. Pestinger has not been ineffective and that the court also caution Weatherall that he cannot continue to dismiss his appointed attorneys "willy-nilly." *Id.* at 7.

Having considered the entire record in this case, including Defendant's track record with prior counsel (*see supra*), his most recent claims of ineffective assistance of counsel regarding his current counsel, along with Mr. Pestinger's motion to withdraw, and the Government's lack of opposition, the court determines that Mr. Pestinger should be permitted to withdraw. The court has no reason to question Mr. Pestinger's assertion that, in light of Weatherall's claims of ineffective assistance of counsel, irreconcilable differences between him and his client have arisen, and that he should be permitted to withdraw. Accordingly, the court determines that Mr. Pestinger's Motion to Withdraw as Attorney of Record should be granted. In light of the court's decision that Mr. Pestinger should be permitted to withdraw, the court sees no need to expend scarce judicial

**Memorandum Opinion and Order – Page 4**

resources on an evidentiary hearing and therefore denies Defendant's request for an evidentiary hearing. The court also declines to find that Mr. Pestinger's representation of Weatherall constitutes ineffective assistance of counsel, as Weatherall has fallen woefully short of making a substantial showing of the denial of his Sixth Amendment right to effective assistance of counsel. *See Stickland v. Washington*, 466 U.S. 668, 686 (1984); *see also United States v. Molina-Uribe*, 429 F.3d 514, 518 (5th Cir. 2005), *petition for cert. filed* (Oct. 28, 2005) (No. 05-7320). Accordingly, the court denies Defendant's Pro Se Claim of Ineffective Assistance of Counsel and Request for Evidentiary Hearing. By the same token, the court declines the Government's request to make a finding that Mr. Pestinger has been effective. In light of the court's decision to grant Mr. Pestinger's motion to withdraw as counsel, and the court's determination that Defendant has not satisfied *Strickland (see supra)*, a further finding that Mr. Pestinger was, in fact, effective, would constitute an advisory opinion, which the court will not do.

Finally, the court is mindful that Mr. Pestinger was Defendant's third appointed counsel. Although allowing Mr. Pestinger to withdraw as counsel, the court admonishes Defendant that it will not waste further precious time to appease him. Defendant has found fault, to some degree, with every counsel appointed to represent him. The court has grown weary of such tactics, as their purpose has become all too apparent. **This trial is set for Monday, May 15, 2006 at 9:00 a.m.** No further delay will be tolerated.

### III.   Conclusion

For the reasons set forth herein, the court **denies** Motion to Dismiss Count Two of Superseding Indictment by Defendant Gregory L. Weatherall; **denies** Defendant's Pro Se Claim of Ineffective Assistance of Counsel and Request for Evidentiary Hearing; and **grants** Motion to

Withdraw as Attorney of Record. Mr. Pestinger is relieved of any obligation or responsibility to represent Defendant Weatherall in this case. Further, pursuant to 28 U.S.C. § 636(b), the court refers this matter to United States Magistrate Judge Paul D. Stickney to appoint counsel to represent Defendant in accordance with the applicable provisions of the Criminal Justice Act. In light of the court's ruling, the current trial setting of Monday, May 15, 2006 at 9:00 a.m. is hereby **vacated** and this case will be reset for trial once counsel is appointed to represent Defendant Weatherall.

**It is so ordered** this 13th day of March, 2006.

Sam A. Lindsay
United States District Judge